Defendant-appellant, Russell Hazelwood, appeals the decision of the Butler County Court of Common Pleas classifying him as a sexual predator. We affirm.
On January 17, 1996, appellant pled guilty to one count of rape in violation of R.C. 2907.02(A)(2). The Department of Corrections and Rehabilitation recommended that he be adjudicated a sexual predator in accordance with R.C. 2950.09, and on October 13 and 28, 1998, the trial court held a hearing pursuant to R.C.2950.09(B)(1) to determine whether he was a sexual predator. Based upon the evidence presented, the trial court found that appellant was a sexual predator as defined in R.C. 2950.01(E). Appellant appeals, arguing that the sexual predator statute is unconstitutionally vague, that it violates the Ex Post Facto Clause of the United States Constitution and the retroactivity clause of the Ohio Constitution, and that the statute subjects him to double jeopardy. We construe this as a single assignment of error.
All of appellant's claims have been addressed in previous decisions. The sexual predator statute is not unconstitutionally vague. State v. Lance (Feb. 13, 1998), Hamilton App. No. C-970301, unreported, appeal dismissed, 82 Ohio St.3d 1413, rehearing/reconsideration denied, 82 Ohio St.3d 1415, affirmed,84 Ohio St.3d 17; State v. Chappell (Feb. 24, 1998), Franklin App. No. 97APA04-543, unreported, appeal dismissed (1999), 85 Ohio St.3d 1405. The Supreme Court of Ohio recently held that the sexual predator statute is not punitive in nature, and, therefore it does not violate either the Ex Post Facto Clause of the United States Constitution or the retroactivity clause of the Ohio Constitution. State v. Cook (1998),83 Ohio St.3d 400, certiorari denied (1999), __ U.S. __,119 S.Ct. 1122. Furthermore, because the sexual predator statute is not punitive in nature, it does not subject appellant to further punishment. Therefore, double jeopardy is inapplicable. State v. Naegele
(Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported, affirmed,84 Ohio St.3d 19. Accordingly, the assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.